*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. D. ELLIS, Minor

UNPUBLISHED
June 22, 2023

No. 363371
Wayne Circuit Court
Family Division
LC No. 2020-001170-NA

Before: REDFORD, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Respondent-mother appeals as of right the order terminating her parental rights to the minor child A.D. pursuant to MCL 712A.19b(3)(c)(*i*) (failure to rectify the conditions that led to the adjudication), (c)(*ii*) (failure to rectify other conditions), (g) (parent is unable to provide proper care and custody), and (j) (the child is reasonably likely to be harmed if returned to the parent's home). We affirm.

## I. PETITIONER'S EFFORTS TO ACHIEVE REUNIFICATION

Respondent argues that petitioner Department of Health and Human Services (DHHS) failed to make sufficient efforts to assist her in achieving reunification with the minor child. "In order to preserve an argument that petitioner failed to provide 'adequate services' the respondent must 'object or indicate that the services provided to them were somehow inadequate . . . .' " *In re Atchley*, 341 Mich App 332, ___; ___ NW2d ___ (2022) (Docket Nos. 358502, 358503); slip op at 2 (ellipsis in *In re Atchley*), quoting *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012). Respondent did not argue in the trial court that petitioner's services were inadequate or that petitioner failed to make reasonable efforts at reunification. Therefore, this issue is unpreserved. This Court generally reviews a trial court's finding that "reasonable efforts were made to preserve and reunify the family" for clear error. *In re Fried*, 266 Mich App 535, 542-543; 702 NW2d 192 (2005). A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). But unpreserved issues are reviewed for plain error affecting a party's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011).

When a child is removed from a parent's custody, DHHS generally has the affirmative duty to make reasonable efforts to reunify the parent with the child before seeking to terminate the

parent's parental rights. *In re Hicks*, 500 Mich 79, 85; 893 NW2d 637 (2017). Absent aggravating circumstances under MCL 712A.19a(2), DHHS is required to adopt a service plan outlining the steps that both the agency and the parent will take to rectify the conditions that led to the court's involvement and thereby achieve reunification. *In re Sanborn*, 337 Mich App 252, 258-259; 976 NW2d 44 (2021). "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). "While the [service provider] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App at 248. Moreover, a respondent's mere participation in and completion of portions of a treatment plan is insufficient to avoid termination of parental rights if the respondent "fail[s] to demonstrate sufficient compliance with or benefit from those services specifically targeted to address the primary basis for the adjudication . . . ." *Id*.

The evidence shows that petitioner provided reasonable reunification services. Respondent was offered psychiatric services, counseling, parenting classes, and infant mental health instruction throughout the case. The foster care agency provided transportation to visitation because workers were concerned that she could negotiate the bus system. Respondent, however, did not make reasonable efforts to avail herself of the services offered to her. Respondent failed to reschedule a psychiatric evaluation or attend ones that the agency scheduled. She indicated that she would not take medication because she did not believe she needed it despite multiple hospitalizations to address her reported schizophrenia, bipolar disorder, and psychosis. She missed half of the parenting time sessions offered to her, thereby missing opportunities to work with the infant mental health specialist. She attended therapy inconsistently and discontinued before she made progress toward managing her mental health condition. Respondent relocated without informing petitioner of her new contact information; respondent's mother even filed a missing person report with law enforcement because no one could locate respondent. Under these circumstances, there was no inadequacy of reunification efforts negating the trial court's finding of statutory grounds supporting termination.

## II. STATUTORY GROUNDS TO TERMINATE PARENTAL RIGHTS

Respondent also argues that the trial court's finding of statutory grounds to terminate parental rights was not supported by sufficient evidence. In an action to terminate parental rights, the petitioner must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. MCR 3.977(A)(3) and (H)(3); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). The trial court's decision is reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356. A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich at 209-210. "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App at 541; MCR 2.613(C).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j), which permit termination of parental rights under the following circumstances:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Petitioner is required to prove only one statutory ground for termination. *In re Trejo*, 462 Mich at 356.

The child was removed from respondent's care because she was neglecting his needs for food, clothing, medical care, and a safe and stable home environment. These problems were not resolved over the course of the proceedings. Respondent did not consistently attend individual therapy or infant mental health therapy. She refused medication. She would not schedule a psychological or psychiatric evaluation. She refused to go shopping for groceries and would not accept food that her family delivered to her. She would not go to the laundromat but washed her clothes in the bath tub. She displayed delusional behavior during visitation including referring to A.D. as a descendent of Muhammad Ali. She believed that people were "out to get her" and "out to kill her son". The court therefore did not err by finding that respondent failed to rectify the conditions leading to adjudication, MCL 712A.19b(3)(c)(*i*).

Given that "it was technically unnecessary to address the second ground for termination alleged in the petition because the petitioner need only establish one ground for termination," *In re Trejo*, 462 Mich at 360, we find it unnecessary to review the trial court's findings under the remaining grounds for termination.

### III. BEST INTERESTS

-3-

Respondent argues that the trial court erred by finding that termination of her parental rights was in the child's best interests. Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). The trial court's best-interest decision is reviewed for clear error. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

"Even if the trial court finds that the [petitioner] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015), citing MCL 712A.19b(5). "The trial court should weigh all the evidence available to determine [a child's] best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). In *In re White*, this Court stated:

> To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714 (quotation marks and citation omitted).]

The trial court considered the child's need for permanency, his lack of a bond with respondent, and respondent's poor progress in her treatment plan. Respondent made little progress toward reunification, and she effectively abandoned her efforts and the child by the time of the termination hearing. Respondent's significant mental health issues went untreated and prevented respondent from providing the child with a safe and stable home. Respondent did not demonstrate a strong bond or attachment with the child during visitation. She failed to engage with him or tried to engage him in age-inappropriate interactions. He was comfortable with respondent, but did not look to her for love and security, as he did with the relative with whom he had been placed. The court did not err by finding that these factors supported termination. Accordingly, the court's findings as to best interests were not clearly erroneous.

Affirmed.

/s/ James Robert Redford
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney